IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SUTTON STORAGE LLC,<br><br>            Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE CO. OF AMERICA,<br><br>            Defendant. | No. 3:14-cv-00083-TMB<br><br>ORDER GRANTING THE MOTION TO REMAND<br>[Docket 12] |

I. **PENDING MOTION**

At Docket 12 Plaintiff Sutton Storage LLC ("Sutton Storage") filed a Motion to Remand. Defendant Safeco Insurance Co. of America ("Safeco") has opposed the motion.[1] The court has determined that neither reply by Sutton Storage nor oral argument would materially assist in the resolution of the issue before the court. Accordingly, the matter is submitted for decision on the opening and opposing briefs.[2]

II. **BACKGROUND/ISSUE PRESENTED**

Sutton Storage, an Alaska LLC, initiated this suit in the Alaska Superior Court against Safeco, a New Hampshire Corporation having its principal place of business in Boston, Massachusetts. Safeco removed the action to this court.[3] The issue presented to this Court is whether or not the amount in controversy exceeds the jurisdictional floor, $75,000.00.[4]

---

[1]     Docket 15.

[2]     D.Ak LR 7.2(a)(3)[B].

[3]     *See* 28 U.S.C. § 1446(b).

[4]     28 U.S.C. § 1332(a).

## III. DISCUSSION

In its prayer for relief Sutton Storage does not specify the amount of the damages sought; instead Sutton Storage prays for judgment against Safeco as follows:

    a.      payment of benefits under the "Landlord Protection Insurance Policy";
    b.      compensatory, consequential, general, special, statutory and exemplary damages within the jurisdictional limit of this court;
    c.      interest, costs, and attorney fees as provided by the rules of court, state decisional law, Alaska Statutes; and
    d.      such other relief the court deems fair, just and equitable.[5]

In its Notice of Removal Safeco contends that the amount in controversy exceeds $75,000. Thus, removal of this action is governed by § 1446(c)(2), which provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>     (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>         (i) nonmonetary relief; or
>         (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>     (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

Controlling circuit law requires that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."[6] In making this determination, this court may consider the facts presented in the removal petition, "as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."[7] Furthermore, "[w]here doubt regarding the right to removal exists, a case should be remanded to

---

[5]    Docket 1-2 at 8.

[6]    *Matheson v. Progressive Speciality Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

[7]    *Id.* (internal quotation marks and citations omitted).

state court."[8]  "Conclusory allegations as to the amount in controversy are insufficient."[9]  In holding that a bare allegation based upon information and belief that the amount exceeded $75,000 was insufficient, the Ninth Circuit explained that the party seeking removal has the burden to provide evidence establishing the factual basis supporting its assertion that the jurisdictional floor exists.[10]  This court must apply those principles to this case.

Neither party has provided any evidence addressing the total amount in controversy.  Indeed, Sutton Storage declines to specifically state the amount it seeks in damages.  Safeco's motion relies upon the fact that Sutton Storage initiated this action in the Alaska Superior Court, not the Alaska District Court.  As relevant to the motion *sub judice*, Alaska law provides that the district courts are courts of limited jurisdiction having jurisdiction over cases in which the amount in controversy does not exceed $100,000.00.[11]  Superior courts on the other hand are courts of general jurisdiction without a monetary limitation.[12]  Thus, on its face, Safeco's position has some modicum of logic.  Upon further analysis, however, it is unpersuasive.

The fatal flaw in Safeco's position is that under Alaska law, except for certain matters not relevant to this case,[13] the jurisdiction of district and superior courts where the amount of does not exceed $100,000 is concurrent.[14]  Thus, there may be tactical reasons, other than the amount in controversy, for filing a complaint in the superior court instead of the superior court in cases, such as this, where the damages sought are less than the jurisdictional limit of district courts.  While one might logically infer from a filing in the superior court that the damages sought might exceed $100,000, Safeco has not cited and independent research by this court has not revealed

---

[8]     *Id.*

[9]     *Id.* at 1090–91.

[10]     *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

[11]     Alaska Stats. § 22.15.030(a)(1).

[12]     Alaska Stats. § 22.10.020(a).

[13]     *See, e.g.*, Alaska Stats. § 22.15.050 (excluding actions involving title to real property and some equitable actions).

[14]     Alaska Stats. § 22.10.030(b); *see Stephens v. Hammersly*, 552 P.2d 652, 653 n.6 (Alaska 1976).

any authority for the proposition that, standing alone, it is sufficient evidence to support removal jurisdiction.[15] Indeed, what "evidence" there is in the record tends to undermine removal jurisdiction.[16]

That being said, it is not conclusively established that this court lacks jurisdiction. Here, Sutton Storage has not committed itself to the amount of damages in controversy. Instead, Sutton Storage relies on the fact that the amount is not evident from the face of the complaint and the lack of evidence concerning that amount. Sutton Storage, the party seeking damages, declines to reveal the amount of damages sought.[17] The parties are reminded of the provisions of 28 U.S.C. § 1446(c)(3), which provides that notwithstanding that removal was not determinable from the initial pleading, where the record subsequently developed in the state court, including discovery, establishes a factual basis for removal, the case may be removed.

## IV. ORDER

**IT IS THEREFORE ORDERED THAT** the Motion to Remand at Docket 12 is **GRANTED**.

**IT IS FURTHER ORDERED THAT** this matter is remanded to Superior Court for the State of Alaska, Third Judicial District, for such further proceedings as may be appropriate or necessary.

---

[15] *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (explaining *Gaus*); *Sanchez v. Monumental Life Ins. Co.*. 102 F.3d 398, 401-03 (9th Cir. 1996) (explaining the difference in the standards applied when a case is brought in federal court originally and when it is removed to federal court).

[16] Attached to the complaint are copies of correspondence between Safeco and Leonard Kelly relating to this matter. On July 18, 2012, Safeco tendered $38,492.05 in satisfaction of the "Replacement Cost Coverage" [Docket 6-3 at 28]. Nothing in the record indicates whether Sutton Storage accepted this tender. On the same date, in separate correspondence, Safeco advised Kelly that it was continuing investigation into the claim for water damage [Docket 6-4 at 5 – 9]. On October 1, 2012, Safeco notified Kelley that it was denying coverage for the water damage [Docket 6-4 at 22]. Nowhere in the correspondence between the parties is there any indication of the amount of the damages resulting from water damage. Because the $38,492.05 tender is not in controversy, the amount in controversy consists solely of the amount claimed for the water damages and any amount in excess of the $38,492.05 tendered for the replacement cost, plus any other incidental damages. It appears unlikely at this point that those amounts combined exceeds the $75,000 jurisdictional floor.

[17] Although Sutton Storage may be compelled to disclose the damages sought, including the evidentiary underpinnings, during discovery, it is not obligated to make that disclosure at this time.

**IT IS FURTHER ORDERED THAT** this Order is without prejudice to the right of Defendant Safeco Insurance Co. of America to remove this action to this Court should subsequent discovery reveal that the amount in controversy equals or exceeds the jurisdictional floor for invoking the diversity jurisdiction of this court.

Dated: June 24, 2014.

s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE
